UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

**TORI TONI CURTIS**                                                                       **PLAINTIFF**

v.                                                        **CIVIL ACTION NO. 5:19-CV-P142-TBR**

**JESSE PERRY et al.**                                                                  **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Tori Toni Curtis, filed a *pro se*, *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the reasons set forth below, the Court will dismiss some of the claims and allow others to proceed.

**Motion to add a defendant**

After initiating this action, Plaintiff filed a motion asking to add as Defendant Deputy Charles Reed. Because service has not yet occurred in this case, the motion (DN 6) is **GRANTED**. *See* Fed. R. Civ. P. 15(a)(1) ("A party may amend its pleading once as a matter of course within: (A) 21 days after serving it[.]").

The Clerk of Court is **DIRECTED** to add Deputy Charles Reed as a Defendant.

**I. STATEMENT OF CLAIMS**

Plaintiff was a pretrial detainee at the Graves County Jail at the pertinent time. Plaintiff's complaint names as Defendants in their individual and official capacities four employees of Graves County or the Graves County Jail: Graves County Judge Executive Jesse Perry, Jailer George Workman, Sargent Shannon Climer, and Major Pete Jackson. He has amended his complaint to add Deputy Charles Reed as a Defendant.

Plaintiff alleges that on May 8, 2019, Defendant Climer used excessive force on him while he was in a restraint chair and denied him medical care afterward. He states that he was placed in the restraint chair for yelling and dumping his lunch tray on the floor. He states that Defendant Climer told him to sit "all the way back" in the restraint chair, which caused the handcuffs he was wearing on his hands behind his back to "tighten up." He claims that when he complained that his wrist was hurting, Defendant Climer started choking him. He alleges that he "was very scared an[d]. . . couldn't breathe until he later let me go[.] [M]y throat hurt a lot an[d] when I asked for medical attention I kept being denied it." He also alleges that there was no medical supervision while he was in the restraint chair. Plaintiff alleges that the excessive-force incident violated his Eighth, Thirteenth, and Fourteenth Amendment rights.

Plaintiff also alleges that Defendant Workman "made me do over 4 months in the hole – (segregation.)." Plaintiff states that being kept in segregation for so long distressed him and caused him to try to commit suicide.

Plaintiff further alleges that on April 18, 2019, he was returned to Graves County Jail from the Kentucky Correctional Psychiatric Center (KCPC) and placed in a larger holding cell at the direction of Defendant Jackson. He states that also in that cell was an inmate, Mark Basham, who brought in "meth, fitnal, an[d] bath salt all mixed into one" which Plaintiff ingested because as a "drug addict trying to recover" he "broke weak." He alleges that the failure to enforce the policy of searching incoming inmates for contraband by Defendants Workman, Perry, and Jackson, caused him harm.

In his amended complaint (DN 6), Plaintiff alleges that Defendant Reed, the supervisor of the deputy who did not search inmate Mark Basham for contraband, was "very unprofessional to allow . . . an inmate to bring in dangerous contraband that put me an[d] others in the hospital."

He alleges that Defendant Reed violated his First, Fifth, Eighth, Thirteenth, Fourteenth, and Fifteenth Amendments rights.

As relief, Plaintiff asks for monetary and punitive damages and that "some of my prison time is shortened."

Plaintiff attaches as exhibits documents related to inmate Basham's possession of drugs and several information request forms from Plaintiff.

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1) and (2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. When determining whether a plaintiff has stated a claim upon which relief can be granted, the Court must construe the complaint in a light most favorable to Plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

*A. Official-capacity claims*

If an action is brought against an official of a governmental entity in his official capacity, the suit should be construed as brought against the governmental entity. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Thus, Plaintiff's claims against Defendants in their official capacities are in actuality brought against Graves County as the real party in interest. *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) ("Since the Police Department is not an entity which may be sued, Jefferson County is the proper party to address the allegations of Matthews's complaint.").

"[A] municipality cannot be held liable solely because it employs a tortfeasor – or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. N.Y.C. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978) (emphasis in original); *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994); *Berry v. City of Detroit*, 25 F.3d 1342, 1345 (6th Cir. 1994). "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-80 (1986)) (emphasis in *Pembaur*).

A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691; *Deaton v. Montgomery Cty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). Simply stated, the plaintiff must "'identify the policy, connect the policy to the city itself and show that the particular injury was incurred because of the execution of that policy.'" *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993) (quoting *Coogan v. City of*

*Wixom*, 820 F.2d 170, 176 (6th Cir. 1987), *overruled on other grounds by Frantz v. Vill. of Bradford*, 245 F.3d 869 (6th Cir. 2001)).  The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983."  *Searcy*, 38 F.3d at 286 (quoting *Polk Cty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)).

Even reading the complaint liberally, the Court finds that Plaintiff has not alleged a Graves County custom or policy of denying him his constitutional rights.  Therefore, the official-capacity claims will be dismissed for failure to state a claim upon which relief may be granted.

**B. Individual-capacity claims**

*1. Claims against Defendant Climer*

Plaintiff alleges that Defendant Climer used excessive force and denied him medical care afterward in violation of his Eighth, Thirteenth, and Fourteenth Amendment rights.

The Court will allow the excessive-force and failure-to-provide-medical-treatment claims against Defendant Climer in his individual capacity to go forward.  The Court clarifies that the Fourteenth Amendment applies to these claims because it appears that Plaintiff was a pretrial detainee at the pertinent time, not a convicted prisoner to which the Eighth Amendment applies. *Watkins v. City of Battle Creek*, 273 F.3d 682, 685 (6th Cir. 2001).  Consequently, the Eighth Amendment claims will be dismissed.

As to the Thirteenth Amendment claim against Defendant Climer, the Court notes that the Thirteenth Amendment prohibits involuntary servitude, except as punishment for a crime whereof a party has been duly convicted.  U.S. Const. amend. XIII.; *United States v. Kozminski*, 487 U.S. 931, 943 (1988).  The intent of the Thirteenth Amendment is to "prohibit compulsion through physical coercion." *Kozminski*, 487 U.S. at 942.  Plaintiff does not offer any allegations

that would support a Thirteenth Amendment claim against Defendant Climer. Consequently, Plaintiff's claim under the Thirteenth Amendment will be dismissed for failure to state a claim upon which relief may be granted. *See Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511-12 (6th Cir. 2001).

*2. Claims against Defendant Workman*

Plaintiff alleges that Defendant Workman was responsible for him being in the "hole" for four months, which Plaintiff alleges made him suicidal. He further alleges that Defendant Workman failed to search other inmates for drugs.

Plaintiff will allow the claim against Defendant Workman about being kept in isolation for four months which caused Plaintiff to be suicidal to continue under the Fourteenth Amendment.

The Court will dismiss the claim related to failure to search another inmate for drugs. The Court interprets this claim to be one of failure to protect Plaintiff's safety.

In order to make out a constitutional failure-to-protect claim, a prisoner must show that a prison official acted with "deliberate indifference" to a substantial risk that the prisoner would suffer serious harm. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). "[D]eliberate indifference describes a state of mind more blameworthy than negligence." *Id*. at 835. Plaintiff cannot hold any of the individual Defendants liable unless he can show that they subjectively knew of an excessive risk of harm to Plaintiff's safety and then disregarded that risk.[1] *Id*. at 837. "[A]n official's failure to alleviate a significant risk that he should have perceived but did not" does not

---

[1] The Supreme Court held in *Kingsley v. Hendrickson*, 576 U.S. 389, 396-97 (2015), that a pretrial detainee's Fourteenth Amendment excessive-force claim need only meet the objective component by showing that "the force purposely or knowingly used against him was objectively unreasonable." However, a failure to protect claim "require[es] proof of subjective intent" in this Circuit. *Herriges v. Cty. of Macomb*, No. 19-12193, 2020 WL 3498095, at *7 (E.D. Mich. June 29, 2020) (citing cases).

state a claim for deliberate indifference. *Id*. at 838; *see also Garretson v. City of Madison Heights*, 407 F.3d 789, 797 (6th Cir. 2005) ("If the officers failed to act in the face of an obvious risk of which they should have known but did not, then they did not violate the Fourteenth Amendment."). Viewed in a light most favorable to Plaintiff, the complaint only alleges that Defendant Workman acted, at most, negligently, which falls short of the deliberate-indifference standard.

### 3. Claims against Defendant Jackson

Plaintiff claims that Defendant Jackson failed to protect him when he placed him in a larger holding cell when he returned to Graves County Jail from KCPC and failed to enforce the policy of searching inmates for drugs. For the same reasons as set forth above, the Court will dismiss these claims because Plaintiff alleges, at most, negligence on the part of Defendant Jackson.

### 4. Claim against Defendant Perry

Plaintiff alleges that Defendant Plaintiff failed to search inmate Basham. Since Plaintiff identifies this Defendant as the County Judge Executive, the Court assumes that Defendant Perry was not actually present when the inmate was searched; rather that Plaintiff holds him responsible for the employees' failure to search other inmates. This claim will be dismissed for failure to state a claim.

The doctrine of *respondeat superior*, or the right to control employees does not apply in § 1983 actions to impute liability onto supervisors. *Monell*, 436 U.S. at 691 (1978); *Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76, 80-81 (6th Cir. 1995); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). Additionally, "simple awareness of employees' misconduct does not lead to supervisor liability." *Leary v. Daeschner*, 349 F.3d 888, 903 (6th Cir. 2003) (citing *Lillard v.*

7

*Shelby Cty. Bd. of Educ.*, 76 F.3d 716, 728 (6th Cir. 1996)). "[P]roof of personal involvement is required for a supervisor to incur personal liability." *Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (stating that supervisory liability "must be based on active unconstitutional behavior and cannot be based upon 'a mere failure to act'") (quoting *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206 (6th Cir. 1998)).

Because Plaintiff fails to allege that Defendant Perry was directly involved in the alleged wrongdoing, this claim will be dismissed.

   *5. Claims against Defendant Reed*

Plaintiff alleges that Defendant Reed was the supervisor of the deputy who did not search inmate Basham; that he was "very unprofessional to allow . . . an inmate to bring in dangerous contraband"; and that he violated Plaintiff's First, Fifth, Eighth, Thirteenth, Fourteenth, and Fifteenth Amendments rights.

As already explained, Defendant Reed cannot be held liable for a deputy's actions merely because he was a supervisor. Therefore, the Court finds that Plaintiff fails to state a claim against Defendant Reed under the Fourteenth Amendment. As the Court already has explained, the Eighth Amendment does not apply to pretrial detainees. Plaintiff does not make any allegations to support a Thirteenth Amendment claim. Additionally, Plaintiff fails to explain how the First, Fifth, or Fifteenth Amendments would apply to his claims against this Defendant. The claims against Defendant Reed will be dismissed for failure to state a claim upon which relief may be granted.

*6. Request to have "prison time shortened"*

Plaintiff's request to spend less time in custody is not an available remedy under § 1983. *See Heck v. Humphrey*, 512 U.S. 477, 481 (1994) ("[H]abeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come with the literal terms of § 1983."). "[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). This claim will be dismissed as well.

### III. CONCLUSION AND ORDER

For the foregoing reasons,

**IT IS ORDERED** that all of Plaintiff's official-capacity claims; his Eighth and Thirteenth Amendment claims against Defendant Climer; his failure to protect claim against Defendant Workman related to searching other inmates; all claims against Defendants Perry, Jackson, and Reed; and his request to spend less time in prison are **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915A(b)(1).

The Clerk of Court is **DIRECTED** to terminate Defendants Perry, Jackson, and Reed as parties to this action.

The Court will enter a separate Order regarding service and scheduling to govern the development of the remaining claims in this case.

Date: July 10, 2020

**Thomas B. Russell, Senior Judge**
**United States District Court**

cc: Plaintiff, *pro se*
    Defendants
    Graves County Attorney
4413.009

9